UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ALLENE SCOTT BEY and MUHAMMAD
B.H. ABD'ALLAH BEY,[1]

                        Plaintiffs,

- against -

SUPREME COURT OF THE STATE OF
NEW YORK, COUNTY of QUEENS, *et al.*,

                        Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-6704 (PKC) (JO)

PAMELA K. CHEN, United States District Judge:

       On November 19, 2019, Plaintiffs filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. (*See generally* Complaint, Dkt. 1.) By letter dated November 27, 2019, the Court informed Plaintiffs that their submission was deficient as they failed to pay the filing fee or submit an application for *in forma pauperis* ("IFP") relief. (*See* Dkts. 2, 3.) Plaintiffs were provided with an IFP form and instructed that, in order to proceed, they were required to cure the deficiency within 14 days or their case may be dismissed. (*Id.*) In letters dated December 5, 2019, Plaintiffs each returned an IFP form—signed but otherwise blank—with a stamp across all pages citing to *Crandall v. State of Nevada*, 73 U.S. 35 (1867) and a letter noting that the IFP form was being returned and stating "[p]lease see Crandall v. State of Nevada regarding court fees." (Dkt. 5 at ECF[2] 1; Dkt. 6, at ECF 1; *see also* Dkts. 7, 9.) Plaintiffs also included, on a separate page, what appears to be a purported quotation from *Crandall v. State of Nevada*:

---

[1] It appears that Plaintiff Allene Scott Bey is also known as Allene Scott and Plaintiff Muhammad B. H. Abd'Allah Bey is also known as Kenny Gittens. (Complaint, Dkt. 1, at 1.)

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

> All Sovereign, Private Civilian inhabitants shall have free access to all Judicial Courts of the several states. All Clerks and/or Deputy shall file all documents of paper for any/or all sovereign, private civilian inhabitants; Free and without charge of Fees. *Crandall vs State of Nevada*, 73 U.S. 35.

(Dkt.5, at ECF 4; *see also* Dkt. 6, at ECF 4.)[3]

However, *Crandall* does not stand for the proposition that the Court lacks the authority to require filing fees for court access. Rather, *Crandall* holds that states are prohibited from imposing a tax on those wishing to enter to their borders. *Crandall*, 73 U.S. at 49 ("We are all citizens of the United States, and as members of the same community must have the right to pass and repass through every part of it without interruption, as freely as in our own States. And a tax imposed by a State, for entering its territories or harbors, is inconsistent with the rights which belong to citizens of other States as members of the Union, and with the objects which that Union was intended to attain."). Plaintiffs' reliance on *Crandall* to avoid either paying the filing fee or submitting an IFP form therefore fails. *Walker v. Village Court*, No. 17-CV-390 (DNH) (DEP), 2017 WL 4220415, at *1 (N.D.N.Y. Aug. 4, 2017) (dismissing case when "plaintiff insist[ed] that courts lack the authority to require payment of filing fees for court access, citing *Crandall v. State of Nevada*, 73 U.S. 35 (1867)" because "[t]hat case . . . does not so hold, and Congress has specifically authorized district courts to require payment of filing fees in order to commence actions"); *see also Gaul v. Chrysler Financial Services Americas, LLC.*, 657 F. App'x 16, 19 (2d Cir. 2016) (summary order); *Neighbors v. Smith*, No. 17-CV-4028 (DDC) (KaGS), 2017 WL 1951000, at *2 (D. Kan. May 11, 2017).

Accordingly, the action is dismissed without prejudice for failure to pay the filing fee or provide a completed IFP application. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

---

[3] The Court notes that though this language is attributed to *Crandall*, it does not appear in that decision.

2

any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested enter judgment and terminate the action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 6, 2020
      Brooklyn, New York